**UNITED STATES DISTRICT COURT**                                    **FA6117**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Annie TUMMINO, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) No. 05-CV-366 (ERK/VVP) |
| *v.* | ) |
| | ) (Korman, C.J.) |
| Lester M. CRAWFORD, as Commissioner of | ) (Pohorelsky, M.J.) |
| the Food and Drug Administration, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

## ANSWER
## TO FIRST AMENDED COMPLAINT

Defendant Lester M. Crawford, in his official capacity as Commissioner of the Food and Drug Administration (FDA), by his undersigned counsel of record, upon information and belief, hereby answers and avers in response to the allegations contained in the correspondingly numbered paragraphs of plaintiffs' First Amended Complaint, as follows:

1.      This paragraph states the legal opinions and conclusions of plaintiffs, including a characterization of the purported causes of action, as to which no answer is required; to the extent that this paragraph alleges that FDA has denied the referenced SNDA or citizen's petition, or contains other factual allegations which may require an answer, all such allegations are denied.

2.      This paragraph states the legal opinions and conclusions of plaintiffs, including a statement as to the purported jurisdiction of this Court, as to which no answer is required; to the extent that this paragraph contains factual allegations which require an answer, all such allegations are denied.

3.      This paragraph states the legal opinions and conclusions of plaintiffs, including a statement as to the propriety of venue in this District, as to which no answer is required. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that one of the plaintiffs resides in this District.

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

10.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

11.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

12.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

13.   Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

14.   Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

15.   Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

16.   Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

17.   As to the first sentence of this paragraph, it is admitted that Dr. Crawford is the Commissioner of the FDA.  The second and third sentences of this paragraph purport to describe the responsibilities of the FDA Commissioner; such responsibilities are defined by statute and are set forth at 21 U.S.C. § 393, which statutory provision speaks for itself.  To the extent the second and third sentences describe responsibilities other than what is set forth in the referenced statute, they are denied.  The final sentence describes the capacity in which Dr. Crawford is sued, and no response to that sentence is required.

18.   This paragraph states the legal opinions and conclusions of plaintiffs, as to which no answer is required; insofar as an answer may be deemed to be required, defendant admits that the paragraph contains quotations from the referenced regulation and statute, and respectfully refers the Court to the regulation and statute for a full and complete statement of their content.

19.   This paragraph states the legal opinions and conclusions of plaintiffs, as to which no answer is required; insofar as an answer may be deemed to be required, defendant admits that the paragraph contains plaintiffs' characterization of the referenced regulations, and respectfully refers the Court to the regulations for a full and complete statement of their content.

**ANSWER TO FIRST AMENDED COMPLAINT**
*Tummino v. Crawford*, No. 05-CV-366 (ERK/VVP)          3

20.     The first sentence of this paragraph states the legal opinions and conclusions of plaintiffs, as to which no answer is required; insofar as an answer to this sentence may be deemed to be required, defendant admits that the sentence contains plaintiffs' characterization of the referenced statute, and respectfully refers the Court to the statute for a full and complete statement of its content.  The second sentence of this paragraph is denied.

21.     This paragraph states the legal opinions and conclusions of plaintiffs, as to which no answer is required; insofar as an answer may be deemed to be required, defendant admits that the paragraph contains plaintiffs' characterization of the referenced regulations, and respectfully refers the Court to the regulations for a full and complete statement of their content.

22.     As the first sentence of this paragraph is vague and uses undefined terminology, defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the sentence.  As to the second sentence, defendant admits that the FDA's Advisory Committee for Reproductive Health Drugs was one of two advisory committees that participated in the agency's administrative process with respect to the sponsor's application to approve Plan B for over-the-counter dispensing.  The third sentence states the legal opinions and conclusions of plaintiff, as to which no answer is required; insofar as an answer may be deemed to be required, defendant admits that the third sentence contains plaintiffs' characterization of the referenced statute, and respectfully refers the Court to the statute for a full and complete statement of its content.

23.     This paragraph states the legal opinions and conclusions of plaintiffs, as to which no answer is required; insofar as an answer may be deemed to be required, defendant admits that the paragraph  contains plaintiffs' characterization of the referenced statutory provisions, and respectfully refers the Court to the statute for a full and complete statement of its content.

24.    Defendant admits the first sentence of this paragraph.  The second and third sentences are vague, use undefined terminology, and purport to cite unspecified statistics; accordingly, defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in these sentences.  The fourth sentence sets forth the opinions and speculations of the plaintiffs rather than allegations of fact; accordingly, no response is required.  To the extent a response to the fourth sentence may be required, defendant has not reached a final conclusion regarding the matter, because, *inter alia*, the administrative proceedings relevant to this action have not yet been completed.

25.    Defendant admits the first twelve words of this paragraph.  The allegations in the remainder of this paragraph set forth the opinions and speculations of the plaintiffs rather than allegations of fact; accordingly, no response is required.  To the extent a response to these allegations may be required, defendant has not made such a comparison because it is not necessary to any statutory determination.

26.    Admitted.

27.    The first two sentences are admitted, based on information available to FDA to date.  As to the final sentence of this paragraph, defendant states that, based on information available to FDA to date, Plan B is unlikely to affect an established pregnancy.

28.    Defendant denies the allegations in the first sentence of this paragraph, except to admit, based on information available to FDA to date, that Plan B is more effective the sooner treatment is started following unprotected sexual intercourse.  The remainder of this paragraph sets forth the opinions and speculations of the plaintiffs rather than allegations of fact; accordingly, no response is required.  To the extent a response may be required, defendant has

**ANSWER TO FIRST AMENDED COMPLAINT**
*Tummino v. Crawford*, No. 05-CV-366 (ERK/VVP)                5

not reached a final conclusion regarding the matter, because, *inter alia*, the administrative proceedings relevant to this action have not yet been completed.

29.    This paragraph sets forth the opinions and speculations of the plaintiffs rather than allegations of fact; accordingly, no response is required.  To the extent a response may be required, defendant has not reached a final conclusion regarding the matter, because, *inter alia*, the administrative proceedings relevant to this action have not yet been completed.

30.    This paragraph sets forth the opinions and speculations of the plaintiffs rather than allegations of fact; accordingly, no response is required.  To the extent a response may be required, defendant has not reached a final conclusion regarding the matter, because, *inter alia*, the administrative proceedings relevant to this action have not yet been completed.

31.    This paragraph sets forth the opinions and speculations of the plaintiffs rather than allegations of fact; accordingly, no response is required.  To the extent a response may be required, defendant has not reached a final conclusion regarding the matter, because, *inter alia*, the administrative proceedings relevant to this action have not yet been completed.

32.    This paragraph sets forth the opinions and speculations of the plaintiffs rather than allegations of fact; accordingly, no response is required.  To the extent a response may be required, defendant has not reached a final conclusion regarding the matter as it relates to OTC use, because, *inter alia*, the administrative proceedings relevant to this action have not yet been completed.

33.    This paragraph sets forth the opinions and speculations of the plaintiffs rather than allegations of fact; accordingly, no response is required.  To the extent a response may be required, defendant has not reached a final conclusion regarding the matter, because, *inter alia*, the administrative proceedings relevant to this action have not yet been completed.

34. Admitted.

35. Denied.

36. This paragraph sets forth the opinions and speculations of the plaintiffs rather than allegations of fact; accordingly, no response is required. To the extent a response may be required, defendant has not reached a final conclusion regarding the matter, because, *inter alia*, the administrative proceedings relevant to this action have not yet been completed.

37. Admitted.

38. Admitted.

39. As to the first sentence of this paragraph, defendant denies the parenthetical allegation regarding the reasons for the withdrawal of Preven. The remainder of the first sentence is admitted. The second sentence is denied. As to the third sentence, defendant admits that it provided the petitioners with a tentative response to their citizen's petition on September 6, 2001. The fourth sentence is denied.

40. Admitted.

41. Admitted.

42. Defendant admits that this paragraph accurately reflects the votes on four of the six questions considered by the advisory committees.

43. This paragraph purports to describe the predecisional opinions, ideas, recommendations, and advice of individuals alleged to have been involved in the agency decision-making process. At this stage in the administrative process, defendant cannot be required to disclose this information. Furthermore, FDA does not typically disclose information regarding a drug application until a final approval decision is reached. *See* 21 C.F.R. § 314.430. Accordingly, defendant neither admits nor denies the allegations set forth in this paragraph.

**ANSWER TO FIRST AMENDED COMPLAINT**
*Tummino v. Crawford*, No. 05-CV-366 (ERK/VVP)                7

44.     This paragraph purports to describe a memorandum attached to the complaint; defendant avers that the referenced document speaks for itself as to its contents, and no response to this paragraph is therefore necessary.

45.     This paragraph purports to describe a memorandum attached to the complaint; defendant avers that the referenced document speaks for itself as to its contents, and no response to this paragraph is therefore necessary.

46.     This paragraph purports to describe a memorandum attached to the complaint; defendant avers that the referenced document speaks for itself as to its contents, and no response to this paragraph is therefore necessary.

47.     The first sentence of this paragraph purports to describe a letter attached to the complaint; defendant avers that the referenced document speaks for itself as to its contents, and denies plaintiffs' characterization of the document.  The last seven words of the first sentence ("rejecting . . . Plan B.") are specifically denied.  The second sentence is denied.

48.     The first sentence of this paragraph purports to describe a letter attached to the complaint; defendant avers that the referenced document speaks for itself as to its contents, and denies plaintiffs' characterization of the document.  The last sentence of this paragraph is denied.

49.     As to the first sentence of this paragraph, defendant admits that Barr Laboratories filed an amended SNDA on July 22, 2004, and avers that the referenced application speaks for itself as to its contents and as to the agency action sought.  The second sentence states the legal opinions and conclusions of plaintiffs, as to which no answer is required; to the extent that this paragraph contains factual allegations which require an answer, all such allegations are denied.  The final sentence is denied.

**ANSWER TO FIRST AMENDED COMPLAINT**
*Tummino v. Crawford*, No. 05-CV-366 (ERK/VVP)          8

50.    Defendant admits the portion of this paragraph prior to the comma; defendant denies the allegations in the remainder of the paragraph.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Defendant admits that the Government Accountability Office has commenced an "engagement" concerning the letter attached as Exhibit 2 to the complaint.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Defendant repeats and reiterates his answers to ¶¶ 1-58 above.

60.    Denied.

61.    Defendant repeats and reiterates his answers to ¶¶ 1-60 above.

62.    Denied.

63.    Defendant repeats and reiterates his answers to ¶¶ 1-62 above.

64.    Denied.

65.    Defendant repeats and reiterates his answers to ¶¶ 1-64 above.

66.    Denied.

67.    The final unnumbered paragraph beginning with "WHEREFORE" is a prayer for relief to which no answer is required; to the extent that an answer is deemed required, defendant denies this paragraph.

68.     Defendant denies each and every allegation in the First Amended Complaint not previously admitted, denied, or otherwise qualified.

## DEFENSES

1.     This Court lacks subject matter jurisdiction to entertain the plaintiffs' complaint.

2.     The plaintiffs lack standing to pursue the claims they have articulated in their complaint.

3.     There has been no final agency action which is ripe for judicial review.

4.     Any delay in rendering a final agency decision has been reasonable and has not violated any statutory or regulatory requirements.

5.     The allegations in the complaint fail to state a claim upon which relief may be granted.

WHEREFORE, defendant Lester G. Crawford, in his official capacity as Commissioner of the FDA, respectfully demands judgment dismissing the First Amended Complaint in its entirety and granting such other and further relief as the Court deems just and equitable.

Dated:   Brooklyn, New York
         August 5, 2005

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
One Pierrepont Plaza, 14th Floor
Brooklyn, NY 11201-2776

By: _____
    F. FRANKLIN AMANAT (FA6117)
    Assistant United States Attorney
    (718) 254-6024

**ANSWER TO FIRST AMENDED COMPLAINT**

*Tummino v. Crawford*, No. 05-CV-366 (ERK/VVP)          10

## CERTIFICATE OF SERVICE

I, F. Franklin Amanat, hereby certify under penalties of perjury that on this 5th day of August, I did cause true and correct copies of the above and foregoing instrument, Answer to the First Amended Complaint, to be served by electronic mail on the following persons:

Simon Heller, Esq.
Nan E. Strauss, Esq.
Center for Reproductive Rights
120 Wall Street, 14th Floor
New York, NY 10005
sheller@reprorights.org
nstrauss@reprorights.org

Shelbi D. Day, Esq.
Andrea Costello, Esq.
Southern Legal Counsel
1229 N.W. 12th Avenue
Gainesville, FL 32601
shelbi.day@southernlegal.org
andrea.costello@southernlegal.org

By:    _____
       F. FRANKLIN AMANAT (FA6117)
       Assistant United States Attorney
       (718) 254-6024

**ANSWER TO FIRST AMENDED COMPLAINT**

*Tummino v. Crawford*, No. 05-CV-366 (ERK/VVP)          11