

FORMERLY THE CENTER FOR REPRODUCTIVE LAW AND POLICY

**BY ELECTRONIC CASE FILING**

September 19, 2006

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re:    *Tummino v. von Eschenbach*, No. 05-cv-366 (ERK/VVP)

Dear Magistrate Judge Pohorelsky:

     We write in response to the letter by the Government to Chief Judge Korman dated September 8, 2006, in which the Government moved for a stay of discovery pending decision on its intended motion for summary judgment or motion to dismiss (to be filed by November 30, 2006). In that same letter, the Government requests that the Court exclude all information gathered during discovery in its consideration of the Government's planned dispositive motion. By Order dated September 12, 2006, Chief Judge Korman referred the motion for a stay of discovery to Your Honor and approved the Government's proposed schedule for filing its dispositive motion. The motion for a stay of discovery should be denied for the following reasons.

     First, discovery in this case is nearly complete. Plaintiffs have identified limited additional discovery of the Defendant they would like to undertake (one deposition), and that discovery has already been authorized by the Court, and would have already taken place had the Government cooperated in scheduling it. Plaintiffs have also identified one third-party (the White House Office) from which they would like documents and possibly a deposition, and are awaiting a ruling on that request from the Court. Finally, as ordered by the Court, documents are under *in camera* review for possible production to Plaintiffs. In addition, Plaintiffs have completed ten depositions as authorized by the Court; have received responses to their first document request; and have received the first batch of documents responsive to their second document request as to which the Government claims no privilege. Moreover, the Government has presumably completed its search for and review of the remaining documents responsive to Plaintiffs' second document request, as ordered by the Court. Thus, it would require no additional effort on the part of the Government to turn over the related privilege log to Plaintiffs and to produce to the Court the allegedly privileged documents for *in camera* review. Finally, the Government

120 WALL STREET
NEW YORK, NEW YORK 10005
TEL 917 637 3600 FAX 917 637 3666
WWW.REPRODUCTIVERIGHTS.ORG

has, as far as we are aware, completed all of its intended discovery,[1] so its effort to stay discovery is detrimental only to Plaintiffs.  In sum, and as contemplated by the Order entered by Your Honor on August 3, 2006, discovery in this case is nearly complete.  Given this state of affairs, there is no reason for the Court to exercise its discretion to stop discovery once again.  As another court wrote in a similar circumstance:

> [I]t may well be that the defendant's motion to dismiss will be successful, but that is pure speculation at this point. . . .  We see no reason to shut down discovery for three weeks, only to start it back up again should defendant's motion fail.

*Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile Exchange*, No. 99 C 3223, 1999 WL 731773, at *1 (N.D. Ill. Aug. 31, 1999).

Second, none of the cases cited by the Government in support of its motion are persuasive, especially given that discovery is nearly complete, and because the Government may well file a motion for summary judgment that calls for Plaintiffs to respond with factual disputes.  Three of the cases cited by the Government are appellate decisions which examine whether a trial court abused its broad discretion in staying discovery pending a dispositive motion in the early stages of litigation.  In *Pertrus v. Bowen*, the Fifth Circuit affirmed a discovery stay pending 12(b)(6) motion, noting that discovery would not affect the outcome of the motion.  *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).  Similarly, in *Ingram Corp. v. J. Ray McDermott & Co.*, the Fifth Circuit noted that a discovery stay during motions, a full year before briefs on the merits of litigation were due, was not fundamentally unfair.  *Ingram Corp. v. J. Ray McDermott & Co.*, 698 F.2d 1295, 1305 n.13 (5th Cir. 1983).  Finally, the Federal Circuit found no abuse of discretion for a stay of discovery pending preliminary motions that addressed solely questions of law unrelated to factual discovery.  *Florsheim Shoe Co., Div. of Interco, Inc. v. U.S.*, 744 F.2d 787, 797 (Fed. Cir. 1984).  None of these cases hold that a discovery stay is generally appropriate in cases in which the court's jurisdiction has been challenged; rather, they simply affirm the trial court's determination of the most effective course of discovery in the particular case at hand.

Indeed, in two of the five cases cited by the Government, a stay of discovery was *rejected*.  In *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) ("Discovery should precede consideration of dispositive motions when the facts sought to be discovered are relevant to consideration of the particular motion at hand."), a motion for a stay of discovery was *denied*, and in *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A]n abuse of discretion occurs in staying general discovery 'if plaintiff [has] been denied discovery which relates to the summary judgment motion.'") (*quoting Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124,

---

[1] The Government has evidently abandoned its interest in deposing any of the Plaintiffs, or Plaintiffs' expert (whose report was served on the Government on August 31, 2006).

1133 (5th Cir. 1976)), a stay of discovery was held to be an *abuse* of discretion.  Both of these cases emphasize that it is improper to stay discovery if the facts sought through discovery are relevant to an anticipated dispositive motion before the court.

In the current posture of this case, the Government has announced its intention to file a motion to dismiss or for summary judgment.  If any material facts form a basis for the Government's motion, granting a stay of discovery would likely be an abuse of discretion.  Several courts have held that it is improper for trial courts to stay discovery on issues that are to be addressed on their merits in a summary judgment.  *See Panola Land Buyers*, 762 F.2d at 1560 (finding an abuse of discretion where discovery was stayed on some issues but summary judgment was requested on all issues); *Wilderness Soc'y v. Griles*, 824 F.2d 4, 19-20 (D.C. Cir. 1987) (finding an abuse of discretion where summary judgment motion was granted while discovery was stayed); *Chipanno v. Champion Int'l Corp*, 702 F.2d 827, 831 n.2 (9th Cir. 1983) (noting that where discovery had been stayed, it would have been error for the court to rely on plaintiff's factual deficiencies in opposing the defendants' summary judgment motion); *Hovermale v. School Bd. Of Hillsborough County Fla.*, 128 F.R.D. 287, 289-90 (M.D. Fla. 1989) (holding that a discovery stay pending summary judgment would be improper); *Kinee v. Abraham Lincoln Fed. Sav. & Loan Ass'n*, 365 F.Supp. 975, 981 (E.D. Pa. 1973) (stating that although defendants' 12(b)(6) motion could be considered as a Rule 56 summary judgment motion, it would be "patently unfair" to grant summary judgment prior to the plaintiff exercising its opportunity for pretrial discovery).[2]

Plaintiffs reserve for later briefing before Chief Judge Korman the argument made by the Government that the Court, in considering the Government's intended dispositive motion, should close its eyes to all information gathered in discovery.  We do not understand the Government to have requested any ruling from the Court on this argument, nor do we understand this argument to be encompassed within Chief Judge Korman's referral to Your Honor.  However, we describe briefly at this point why, contrary to the Government's self-serving assertions, discovery in this case is no less relevant to the Plaintiffs' claims, and no less proper, than it was prior to the agency's recent actions.  It is simply not the case that, as the Government claims, "Plaintiffs may thus not rely on documents or testimony from outside the administrative record," where it is challenging a final agency decision under 5 U.S.C. § 706(2). (Letter of F. Franklin Amanat to Chief Judge Korman, dated Sept. 8, 2006, at 8).

Although Plaintiffs' claim of unreasonable delay provided one basis for obtaining discovery outside the administrative record, the substantial evidence of bad faith and improper behavior provides an independent, alternative basis for permitting discovery in APA cases.  In *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971), the

---

[2] One of the cases cited by the Government goes further in rejecting a motion for a stay of discovery even when only a jurisdictional claim is being resolved.  *See Coastal States*, 84 F.R.D. at 283 (Plaintiff "must be given a fair opportunity to discover whether those factors that would rebut [the movant's] jurisdictional claim are present in this case.").

Supreme Court made clear that where bad faith or improper behavior has been shown, as is the case here, the administrative record alone may not be adequate to illuminate the entire basis of an agency decisionmaker's decision. In such instances, it might be necessary to "examine[] the decisionmakers" where "the bare record may not disclose the factors that were considered or the [decision-maker's] construction of the evidence." *Overton Park*, 401 U.S. at 420. Plaintiffs have compiled ample evidence of agency bad faith, improper agency behavior, and improper political influence in the agency's allegedly scientific process. More to the point, the Court itself has made evident its concerns that the final decision on the Citizen's Petition strongly suggests improper agency action, stating that "[t]his case [reeks] with bad faith. It [reeks] with it, even the last – the final letter in which they finally decide the petition – their own individual petition [is] rich with it." (Hearing before Chief Judge Korman, July 26, 2006); *see also Tummino v. Von Eschenbach*, 427 F. Supp. 2d 212, 231-32 (E.D.N.Y. 2006) ("Inquiry which includes testimony by agency personnel, including the senior level personnel who overruled the professional staff, is particularly appropriate in this case because the court finds that a strong preliminary showing of 'bad faith or improper behavior' has been made.").

The Government's assertion that the issuance of formal agency decisions on the Citizen's Petition and the SNDA negates the Court's prior determination that Plaintiffs' have made a strong preliminary showing of bad faith is illogical and legally incorrect. The process leading to an agency decision is indeed relevant to whether the decision was unlawful; the same improprieties that earlier led the Government to delay its decisions now form the basis for the unlawful final decisions recently issued by the FDA. Moreover, *Overton Park* makes clear that the Supreme Court intended to permit discovery in cases challenging final agency actions, because *Overton Park* itself involved a challenge to an agency decision, *not* an unreasonable delay claim. *Overton Park*, 401 U.S. 402.

Finally, the Government is mistaken in claiming that judicial review under the APA is always limited to the record as the Government has compiled it. "[I]t would be improper for [a] court to allow the federal defendants to determine unilaterally what shall constitute the administrative record and thereby limit the scope of the court's inquiry." *Lloyd v. Illinois Reg'l Transp. Auth.*, 548 F. Supp. 575, 590 (N.D. Ill. 1982). Rather, the court must ensure that the record contains all the materials directly or indirectly considered by the agency decisionmakers. *Animal Defense Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988). Where an administrative record is "inadequate, incomplete or . . . inconsistent," a court will undertake a probing search beyond the record. *Sierra Club v. United States Army Corps of Engineers*, 772 F.2d 1043, 1052 (2d Cir. 1985). Particularly where, as here, the administrative record was not created in adversarial administrative proceedings, the record will include evidence identified through discovery that was before the agency when it made its decision. For this reason, and those set forth above, the record before the Court properly includes the discovery already conducted.

Thank you for Your Honor's consideration of these matters.

Respectfully submitted,

s/_____
Simon Heller
Attorney for Plaintiffs

cc:     F. Franklin Amanat
        Steven M. Warshawsky
        Karen Schifter