(SL 3778)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNIE TUMMINO, *et al.*, | Civil Action Nos. |
| Plaintiffs, | CV-05-0366 |
| v. | (Korman, J.) |
| DR. MARGARET HAMBURG, in her official capacity as Commissioner of Food and Drugs, | (Pohorelsky, M.J.) |
| Defendant. | |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE**

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
*Attorney for Defendant*
271 Cadman Plaza East
Brooklyn, New York 11201
(718) 254-7035

SCOTT R. LANDAU
Assistant United States Attorney
(*Of Counsel*)

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................3

POINT I ................................................................................................................................3

    THE FEDERAL RULES OF EVIDENCE DO NOT
    APPLY TO PLAINTIFFS' CONTEMPT MOTION ........................................................3

POINT II ..............................................................................................................................7

    THE AXELRAD DECLARATION DOES NOT
    CONTAIN HEARSAY ....................................................................................................7

POINT III .............................................................................................................................10

    THE AXELRAD DECLARATION ESTABLISHES A
    SUFFICIENT FOUNDATION OF PERSONAL KNOWLEDGE .................................10

POINT IV .............................................................................................................................12

    PLAINTIFFS' EVIDENTIARY ARGUMENTS ARE MOOT .......................................12

CONCLUSION.....................................................................................................................13

## **INTRODUCTION**

Defendant Dr. Margaret Hamburg, Commissioner of Food and Drugs ("Defendant"), respectfully submits this Memorandum of Law in opposition to Plaintiffs' Motion to Strike and Memorandum of Law in Support Thereof dated January 25, 2011 ("Motion to Strike" or "Pl's Mot. to Strike"). In their Motion to Strike, Plaintiffs claim that paragraphs 12, 13, 15, 16, and 20 of the Declaration of Jane Axelrad dated January 6, 2011 ("Axelrad Declaration" or "Axelrad Decl."), submitted in opposition to Plaintiffs' Motion for Civil Contempt, should be stricken because those paragraphs "constitute inadmissible hearsay and lack a basis in personal knowledge." *See* Civil Docket for Case # 1:05-cv-0366-ERK-VVP ("Docket"), Entry No. 320, p. 1. *See also id.*, Entry Nos. 307, 316. Plaintiffs' arguments are misplaced and misleading, and should be rejected.

As an initial matter, by their express terms, the Federal Rules of Evidence do not apply to proceedings (such as Plaintiffs' motion for civil contempt) that should be decided "summarily" – on the papers, without a formal trial or hearing. *See* Fed. R. Evid. 1101(b). Plaintiffs' incomplete quotation of Fed. R. Evid. 1101(b), as well as their incorrect description of the application of that rule, are thus misleading. Even if the Federal Rules of Evidence *did* apply to Plaintiffs' civil contempt motion, however, paragraphs 12, 13, 15, 16, and 20 of the Axelrad Declaration should not be stricken as lacking a basis in personal knowledge, as the Axelrad Declaration, and the Supplemental Declaration of Jane Axelrad dated February 14, 2011,[1] both (independently) establish a sufficient foundation for Ms. Axelrad's personal knowledge of her statements. Paragraphs 12, 13, 15, 16, and 20 of the Axelrad Declaration similarly should not be

---

[1] The Supplemental Declaration of Jane Axelrad dated February 14, 2011 (("Axelrad Supplemental Declaration" or "Axelrad Suppl. Decl.") is submitted simultaneously with, and in support of Defendants' instant opposition memorandum, and in support of Defendant's opposition to Plaintiffs' civil contempt motion.

1

stricken as hearsay because they were not adduced for the truth of the matters asserted therein, but rather, were adduced to show notice and effect on the Food and Drug Administration ("FDA"), and to show that the FDA's reliance on those statements was reasonable.

Plaintiffs' evidentiary arguments are, in any event, moot.  On February 7, 2011, Teva Pharmaceutical Industries Ltd. ("Teva"),[2] the Plan B and Plan B One-Step drug sponsor, filed its supplemental new drug application ("SNDA") with the FDA, seeking approval for over-the-counter ("OTC") use of Plan B One-Step by females under 17 years of age.  FDA has since begun its review of that application in accordance with the procedures set forth in 21 C.F.R. §§ 314.101 – 314.170.  As such, the reliability of the statements made in the Axelrad Declaration regarding Teva's "future actions" need not be questioned by this Court.

Defendant respectfully requests that this Court deny Plaintiffs' Motion to Strike.  Additionally, Defendant respectfully requests that this Court take notice of the fact that Teva has filed its SNDA seeking approval for OTC use of Plan B One Step by females under the age of 17, and that the FDA has begun its review of that application.  Defendant further requests that this Court consider the Axelrad Supplemental Declaration when deciding Plaintiffs' civil contempt motion.

---

[2]  In the Axelrad Declaration (as well as Defendant's Memorandum in Opposition to Plaintiffs' Motion for Civil Contempt), the Plan B/Plan B One-Step Drug Sponsor was referred to as "Duramed/Teva Women's Health."  For ease of reference, because Plaintiffs refer to the Plan B/Plan B One-Step drug sponsor in their Motion to Strike only as "Teva," Defendant will also herein refer to the Plan B/Plan B One Step drug sponsor as "Teva."

2

## ARGUMENT

### POINT I

### THE FEDERAL RULES OF EVIDENCE DO NOT APPLY TO PLAINTIFFS' CONTEMPT MOTION

In Plaintiffs' Motion to Strike, Plaintiffs argue as follows: "[t]he Federal Rules of Evidence, by their terms, 'apply . . . to contempt proceedings.'"  Pl's Mot. to Strike, at 1, *quoting* Fed. R. Evid. 1101(b).  Plaintiffs' quotation from Federal Rule of Evidence 1101(b) is incomplete, and their argument is incorrect and misleading.

Federal Rule of Evidence 1101(b), *in its entirety*, reads as follows:

> **(b) Proceedings Generally:** These rules apply generally to civil actions and proceedings, including admiralty and maritime cases, to criminal cases and proceedings, to contempt proceedings *except those in which the court may act summarily*, and to proceedings and cases under title 11, United States Code.

Fed. R. Evid. 1101(b) (emphasis added).  Proceedings "in which the court may act summarily" are those which "may be decided by the court on affidavits and exhibits without the formalities of a full trial . . . ." *KSM Fastening Systems, Inc. v. H.A. Jones Company, Inc.*, 776 F.2d 1522, 1524 (D.C. Cir. 1985).

Civil contempt applications are normally decided "summarily" on the papers and affidavits/declarations submitted in support and in opposition thereto, and not in a formal trial. *See Federal Trade Commission v. H.G. Kuykendall, Sr.*, 371 F.3d 745, 756 (10th Cir. 2004) ("courts in civil contempt proceedings may proceed in a 'more summary fashion'); *United States v. Berg*, 20 F.3d 304, 310 n. 7 (7th Cir. 1994) (same); *D. Patrick, Inc. v. Ford Motor Company*, 8 F.3d 455, 459 (7th Cir. 1993) (same); *KSM Fastening Systems, Inc.,* 776 F.2d at 1524 ("[c]ontempt proceedings are generally summary in nature . . ."); *TDC International Corp. v. Burnham*, No. 08-14792, 2010 WL 4943516, *1 (E.D. Mich. Nov 19, 2010) ("[g]enerally, civil contempt proceedings are summary in nature and '[t]he full panoply of evidentiary and

3

procedural safeguards of . . . trial need not be employed"); *Nabkey v. Hoffius*, 827 F.Supp. 450, 452 (W.D. Mich. 1993) (same); *Michael Foods, Inc. v. Bartow Foods, Inc.*, 837 F. Supp. 403, 408 (M.D. Fla. 1993) (same); 11 Wright & Miller, *Federal Practice and Procedure*, Civil § 2960 ("[c]ontempt proceedings are generally summary in character"). Indeed, pursuant to Local Civil Rule 83.9(b), alleged contemnors are only entitled "to have oral evidence taken" "upon demand." *Id.* Under the local civil rules, this Court "need not take oral evidence if the alleged contemnor does not demand a hearing," and instead can "decide the [contempt] motion on the parties' submissions." *E.E.O.C. v. Local 638*, 889 F. Supp. 642, 650 (S.D.N.Y. 1995), *affirmed in part, vacated in part, reversed in part on other grounds*, 81 F.3d 1162 (2d Cir. 1996). *See, e.g.*, *Shillitani v. U.S.*, 384 U.S. 364 (1966) (no right to jury trial in civil contempt proceedings unless a statute so provides).

Plaintiffs' civil contempt motion should be decided by way of summary proceedings, on the papers, without a formal trial or hearing.[3] Plaintiffs seem to agree. In their Notice of Motion for Civil Contempt, Plaintiffs *themselves* requested that this Court "adjudge the Food and Drug Administration ("FDA") in contempt . . ." based "upon the attached Declaration of Suzanne Novak . . . the exhibits attached thereto, and the Memorandum of Law In Support of Plaintiffs' Motion for Civil Contempt." *See* Docket, Entry No. 307, p. 1-2. *See* Docket, Entry No. 307 (Notice of Motion). In other words, Plaintiffs *themselves* requested that this Court rule on their civil contempt motion summarily, based on the documents and materials they submitted in

---

[3]   Defendant makes this argument and waives any right Defendant might have to a trial or evidentiary hearing on Plaintiffs' civil contempt motion on the assumption/condition that the Court will accept the declarations submitted by Defendant in opposition to the civil contempt motion, in their entirety, when ruling summarily on the motion. To the extent any portion of the Axelrad Declaration or the Axelrad Supplemental Declaration is stricken, Defendant reserves the right to seek leave to submit new declarations in opposition to Plaintiffs' civil contempt motion before the Court rules summarily on that motion.

4

support thereof.[4] *See id.* Plaintiffs' civil contempt motion should indeed be decided summarily by this Court, and is thus *not* a proceeding to which the Federal Rules of Evidence should be applied.

*Michael Foods, Inc.* is instructive as to why Plaintiffs' civil contempt motion is not subject to the Federal Rules of Evidence, and why that motion should be decided summarily. In *Michael Foods, Inc.*, a defendant who had previously been enjoined from infringing on the plaintiff's patent, opposed a civil contempt motion (alleging violations of the injunction) using, *inter alia*, evidence that the plaintiff claimed was hearsay. *See id.* Rejecting the plaintiff's argument that the hearsay evidence could not be considered, the court stated as follows: "As to the hearsay argument, it is dismissed summarily under Fed. R. Evid. 1101(b) which clearly states *that in summary contempt hearings the normal rules of evidence do not apply*." *Id.* at 408 n. 11 (emphasis added). In doing so, the *Michael Foods* court cited to *KSM Fastening Systems, Inc.* "for authority that this type of [contempt] proceeding is summary." *See Michael Foods*, 837 F. Supp at 408, n. 11, *citing KSM Fastening Systems, Inc.*, 776 F.2d at 1524.

Plaintiffs' inclusion of a period at the end of their statement that "the Federal Rules of Evidence, by their terms, 'apply . . . to contempt proceedings'", rather than an ellipsis to indicate

---

[4] Any argument that Plaintiffs' civil contempt motion *will* in fact be decided following a trial or hearing (because Plaintiffs requested that the Court "schedule oral argument on this motion" (*see id.* at 1)), should be rejected. Oral argument on a motion is an entirely different than a trial or evidentiary hearing; the "purpose of oral argument is to permit the Court to conduct a dialogue with counsel about the legal issues involved and not to make a factual record . . . ." *Thomas v. City of New York*, No. 97 Civ. 2156 (JSM), 1997 WL 639242, *1 (S.D.N.Y. Oct. 16, 1997). *See Gant v. Walsh*, No. 07-CV-2427 (JG), 2010 WL 2426004, *1 (E.D.N.Y. June 11, 2010) (Gleeson, J.) (noting that oral argument is different than an evidentiary hearing). What is more, Fed. R. Evid. 1101(b), by its terms, states that the Federal Rules of Evidence do not apply to contempt proceedings in which the Court "*may*" act summarily – and this Court may indeed act summarily and rule on Plaintiffs' motion without a trial. *See* Local Civil Rule 83.9(b); *KSM Fastening Systems, Inc.,* 776 F.2d at 1524; *TDC International Corp.*, 2010 WL 4943516 at *1.

that the clause continued but that the rest of the clause had been excluded from the quotation, was misleading and in error. Plaintiffs' further failure to quote the remainder of the clause ("except those in which the court may act summarily") – a clause that is not only relevant, but is arguably *dispositive* given that the instant contempt proceedings can be decided summarily – was similarly misleading. Such tactics are universally disapproved, and should be rejected by this Court. *See Curtis & Associates v. The Law Offices of David M. Bushman*, No. 09-CV-890 (KAM) (RER), 2010 WL 5186795, *23 (E.D.N.Y. Dec. 15, 2010) ("if the court determines that an attorney, law firm, or party has 'violated Rule 11(b) by making false, misleading, improper, or frivolous representations to the court, a court may impose sanctions . . . upon the court's own initiative . . ."); *Michigan Protection and Advocacy Service, Inc. v. Caruso*, 581 F. Supp.2d 847, 855-56 (W.D. Mich. 2008) ("[t]his Court must note, with disapproval, that [plaintiff's] quotation . . . is misleadingly incomplete"); *Scelta v. Delicatessen Support Services, Inc.*, 89 F. Supp. 2d 1311, 1324 (M.D. Fla. 2000) ("remind[ing] Defendants that this Court will not condone misleading practices" and that "the Court may *sua sponte* impose sanctions pursuant to Rule 11, Fed. R. Civ. P., when any pleading, including motions and responses thereto, violates the spirit of Rule 11").

Because Plaintiffs' civil contempt application should be decided on motion papers and without the formalities of a full trial, the Federal Rules of Evidence, "by their terms," are wholly inapplicable here. *See* Fed. R. Evid. 1101(b). As such, Plaintiffs' Motion to Strike certain paragraphs of the Axelrad Declaration should be rejected, and the Axelrad Declaration and the Axelrad Supplemental Declaration should be considered by this Court in their entirety when it decides Plaintiffs' motion for civil contempt.

# POINT II

## THE AXELRAD DECLARATION DOES NOT CONTAIN HEARSAY

Plaintiffs additionally argue that Axelrad Declaration paragraphs 12, 13, 15, 16, and 20 contain "hearsay statements about the past actions and about plans for the future actions of Teva, the manufacturer and sponsor of Plan B" that should be stricken as inadmissible. Pl's Mot. to Strike, at 2. In the first instance, it should be noted that only two (2) of the paragraphs in the Axelrad Declaration that Plaintiffs seek to strike (paragraphs 12 and 13) arguably even contain statements about the "past actions and about plans for the future actions of Teva . . .". Pl's Mot. to Strike, at 2. The remainder of the paragraphs Plaintiffs seek to strike (paragraphs 15, 16, and 20) as well as portions of Axelrad Declaration paragraph 13) pertain only to ***FDA's*** plans and course of action regarding implementation of the March 2009 Order – and not to Teva's past and future actions. Accordingly, Axelrad Declaration paragraphs 13, 15, 16, and 20 should not be stricken, as those paragraphs do not contain hearsay statements, but rather contain only statements regarding FDA's plans/actions that are well-within Ms. Axelrad's personal knowledge. *See infra* at pp. 10-12.

Although Axelrad Declaration paragraphs 12 and 13 *do* also contain statements regarding "past actions" and "plans for the future actions of Teva" that were communicated to FDA, those statements are also not hearsay, and similarly should not be stricken. Federal Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Id.* Statements that are not offered for the truth of the matters asserted are not hearsay, and should not be excluded from evidence. *See United States v. Puzzo*, 928 F.2d 1356, 1365 (2d Cir. 1991) (witness' statements were "not offered for the truth of the matters asserted" and thus, "the district

7

court erred in excluding them). Specific types of statements that are not offered for the truth of the matters asserted therein (and thus are not hearsay and should not be excluded from evidence) include: statements offered to show their effect on the listener or reader, *see United States ex rel. Feldman v. Van Gorp*, No. 03 Civ. 8135 (WHP), 2010 WL 2911606, *9 (S.D.N.Y. July 8, 2010) (same); *Cary Oil Co., Inc. v. MG Refining & Marketing, Inc.*, 257 F. Supp. 2d 751, 762 (S.D.N.Y. 2003) ("[s]tatements and records offered for their effect on . . . state of mind are not considered hearsay"), statements offered to show notice, *see Ricciuti v. N.Y.C. Transit Authority, et al.*, 941 F.2d 119, 123 (2d Cir.1991) (statements are not hearsay "if they were offered for the purpose of proving . . . whether appellees had notice"); *DT v. Somers Central School District*, 588 F.Supp.2d 485, 495 (S.D.N.Y. 2008) (letters "not hearsay because plaintiffs offer them not to prove the *truth* of the matters asserted therein, but rather to prove that defendants were on notice of the matter asserted therein"), statements offered for the fact that they "had occurred," *see Shafii v. PLC British* Airways, 22 F.3d 59, 65 (2d Cir. 1994) ("statements are not offered for the truth of the matter asserted but for the fact that they had occurred"), and statements offered to demonstrate reasonable reliance, *see Schreiber v. State Farm Insurance Co.*, 494 F. Supp. 2d 758, 763 n. 2 (S.D. Ohio 2007) (statements adduced to show the source of alleged reasonable reliance not hearsay), *Gill v. Frawley*, No. 9:02-CV-1380, 2006 WL 1742738, *9 (N.D.N.Y. June 22, 2006) (statements "would not be hearsay to the extent they were offered . . . to show the reasonableness of Plaintiff's reliance on those representations").

Contrary to Plaintiffs' argument, the statements in Axelrad Declaration paragraphs 12 and 13 regarding Teva's past and future plans as communicated to FDA were *not* offered "for the truth of the matter[s] asserted" therein. Mot. to Strike, at 2. Rather, those statements were offered to show notice and effect on the FDA, and to demonstrate that FDA acted reasonably in

8

formulating a course of action for implementation of the March 2009 Order in (partial) reliance on those statements. *See* Axelrad Decl. ¶¶ 12, 13; *see also id.* ¶¶ 15, 16, 19, 20, 21. In other words, the statements in Axelrad Declaration paragraphs 12 and 13 regarding Teva's past and future plans were adduced to demonstrate that FDA has diligently acted in a reasonable manner to comply with the March 2009 Order, and that Defendant should accordingly not be held in civil contempt. Statements adduced for such purposes are not hearsay. *See Cary Oil Co., Inc.*, 257 F. Supp. 2d at 762; *Schreiber*, 494 F. Supp. 2d at 763 n. 2; *Gill*, 2006 WL 1742738 at *9. Thus, even if the Federal Rules of Evidence *did* apply to Plaintiffs' motion for civil contempt, those statements would in any event be admissible.

Despite the fact that the Federal Rules of Evidence do not apply to Plaintiffs' civil contempt motion (*see supra* at pp. 3-6), and despite the fact that the statements contained in Axelrad Declaration paragraphs 12, 13, 15, 16, and 20 are not hearsay, Defendant concurrently submits the Axelrad Supplemental Declaration in further support of Defendant's Opposition to Plaintiffs' civil contempt motion.[5] The Axelrad Supplemental Declaration is submitted to provide the Court with a further basis for the information contained in the (initial) Axelrad Declaration regarding Teva's past and future plans as communicated to FDA (and Ms. Axelrad, as an employee and representative of FDA). Specifically, the Axelrad Supplemental Declaration sets forth that Ms. Axelrad was personally involved in communications with Teva representatives regarding Teva's anticipated first quarter 2011 SNDA seeking approval of over-the-counter ("OTC") use of Plan B One-Step for females under 17 years of age. *See* Axelrad Supplemental Declaration ¶¶ 2-5.

---

[5] As set forth more fully, *infra* at Point IV, Plaintiffs' hearsay arguments are in any event moot, as Teva has since filed its SNDA seeking approval for OTC use of Plan B One-Step by females under 17 years of age.

9

# POINT III

## THE AXELRAD DECLARATION ESTABLISHES A SUFFICIENT FOUNDATION OF PERSONAL KNOWLEDGE

In their Motion to Strike, Plaintiffs argue that Axelrad Declaration paragraphs 12, 13, 15, 16, and 20 should be stricken because "witnesses are required to have personal knowledge of the matters they testify about," and "Axelrad does not establish that she has personal knowledge of Teva's actions and plans." Pl's Mot. to Strike, at 4. *See* Fed. R. Evid. 602. Even if, *arguendo*, the Federal Rules of Evidence *did* apply to Plaintiffs' civil contempt motion, Plaintiffs' argument that Axelrad has not established that she "has personal knowledge of Teva's actions and plans" is a red-herring, and should be rejected.

Federal Rule of Evidence 602 requires that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *Id.* Evidence to prove personal knowledge may "consist of the witness' own testimony." *Id*; *see New York v. Saint Francis Hospital*, 94 F. Supp. 2d 423, 425 (S.D.N.Y. 2000). The "threshold of [Federal] rule [of Evidence] 602 is low." *United States v. Hickey*, 917 F.2d 901, 904 (6th Cir. 1990). Indeed, the rule "does not require that the witness' knowledge be positive or rise to the level of absolute certainty." *M.B.A.F.B. v. Cumis Insurance Society, Inc.*, 681 F.2d 930, 932 (4th Cir. 1982). Rather, "[e]vidence is inadmissible under this rule only if in the proper exercise of the trial court's discretion it finds that the witness could not have actually perceived or observed that which he testifies to." *Id.*

Contrary to Plaintiffs' suggestion, Axelrad Declaration paragraphs 15, 16, and 20, as well as portions of paragraph 13, relate not to "Teva's actions and plans," but rather, only to *FDA's* plans and proposed course of action. As stated in the Axelrad Declaration, Ms. Axelrad is very familiar with the "facts stated" therein because of her position as Associate Director for Policy,

10

Center for Drug Evaluation and Research ("CDER"), United States Food and Drug Administration. *See* Axelrad Decl. ¶ 1. Those statements were made by Ms. Axelrad "pursuant to 28 U.S.C. § 1746, under penalty of perjury." *See* Axelrad Decl. The Axelrad Declaration thus contains a sufficient foundation to establish Ms. Axelrad's firsthand, personal knowledge of the statements made therein. *See Benhabib v. Hughes Electronics Corp.*, Case No. CV 04-0095 CAS (VBK), 2007 U.S. Dist. LEXIS 87500, *19 n. 7 (March 30, 2007) (finding that description of declarant's position as senior director was sufficient to provide foundation for declarant's personal knowledge); *Cornell Research Foundation, Inc. v. Hewlett-Packard Co.*, Civ. Action No. 5:01-CV-1974 (NAM/DEP), 2007 U.S. Dist. LEXIS 89637, *32 (N.D.N.Y. Jan. 31, 2007) (finding declaration contained sufficient foundation to establish personal knowledge because the affiant identified his position with Hewlett Packard and asserted that he possessed such personal knowledge). *See, e.g.*, *M.B.A.F.B. v. Cumis Insurance Society, Inc.*, 681 F.2d at 932. Accordingly, those statements should not be stricken.

Although the Federal Rules of Evidence do not apply to Plaintiffs' civil contempt motion in the first place (*see supra* at pp. 3-6), and although Plaintiffs' evidentiary objections lack merit, Defendant submits the Axelrad Supplemental Declaration to, *inter alia*, further explain the bases for Ms. Axelrad's personal knowledge of the statements made in the (initial) Axelrad Declaration. As set forth more fully in the Axelrad Supplemental Declaration, Ms. Axelrad was personally involved in communications between FDA and Teva regarding Teva's anticipated SNDA for Plan B One-Step. *See* Axelrad Suppl. Decl. ¶¶ 2-5. Ms. Axelrad was also personally involved in FDA's review of the March 2009 Order, and in planning and implementing FDA's course of action in response to the March 2009 Order. *See id.* ¶ 6. As such, Ms. Axelrad can, and indeed *has*, established that she has personal, firsthand knowledge regarding the statements

11

made in the Axelrad Declaration regarding communications with Teva and regarding FDA's course of action to implement the March 2009 Order.

Defendant respectfully requests that this Court deny Plaintiffs' motion to strike, and that it consider the Axelrad Supplemental Declaration in deciding Plaintiffs' motion for civil contempt.

## POINT IV

## PLAINTIFFS' EVIDENTIARY ARGUMENTS ARE MOOT

Plaintiffs' evidentiary arguments are now moot. This is because on February 7, 2011, Teva *actually filed* its SNDA with FDA seeking approval of OTC use of Plan B One-Step for females under 17 years of age. *See* Axelrad Suppl. Decl. ¶ 7, Ex. A. *See also* http://www.reuters.com/article/2011/02/11/us-teva-planb-fda-idUSTRE7198NZ20110211; http://www.washingtontimes.com/news/2011/feb/13/nation-briefs-309516919/. FDA has since begun its review of that application in accordance with the procedures set forth in 21 C.F.R. §§ 314.101 – 314.170. *See id.* at ¶ 7. The reliability of Ms. Axelrad's statements regarding Teva's "future actions" thus need not be questioned, as Teva has now filed the "anticipated" Plan B One-Step SNDA discussed by Ms. Axelrad in the Axelrad Declaration. *See id.*

Defendant respectfully requests that this Court take notice of the fact that Teva has filed its SNDA seeking approval of OTC use of Plan B One-Step for females under the age of 17, and that FDA is now reviewing that application. *See* Axelrad Supplemental Declaration ¶ 7, Ex. A. Defendant further respectfully requests that this Court also consider the Axelrad Supplemental Declaration when deciding Plaintiffs' civil contempt motion.

## **CONCLUSION**

For the foregoing reasons, Defendant requests that Plaintiffs' Motion to Strike be denied, that the Court consider the Axelrad Supplemental Declaration when it decides Plaintiffs' motion for civil contempt, that the Court take notice that Teva has filed its SNDA seeking approval for OTC use of Plan B One-Step by females under 17 years of age and that FDA is now reviewing that application, and that the Court deny Plaintiffs' motion for civil contempt.

Dated: Brooklyn, New York
       February 15, 2011

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney
        Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, New York 11201

By:   /s/ {Filed Electronically}
        Scott R. Landau (SL 3778)
        Assistant U.S. Attorney
        (718) 254-7035
        Scott.Landau@usdoj.gov

Of Counsel:
SALLY A. HOWARD
Acting General Counsel

RALPH S. TYLER
Chief Counsel
Food and Drug Division

ERIC M. BLUMBERG
 Deputy Chief Counsel, Litigation

KAREN E. SCHIFTER
Senior Counsel
United States Department of Health & Human Services
Office of the General Counsel
10903 New Hampshire Avenue
Silver Spring, MD 20993-0002