UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANNIE TUMMINO, *et al.*,

                        Plaintiffs,                             **ORDER**

        - against -                  No. 05-CV-366 (ERK)(VVP)
                                      No. 12-CV-763 (ERK)(VVP)

MARGARET HAMBURG, Commissioner
of Food and Drugs, *et al.*

                       Defendants.

-----------------------------------------------------------------X

KORMAN, J.:

My opinion of March 23, 2009, *Tummino v. Torti*, 603 F. Supp. 2d 519 (E.D.N.Y. 2009) is amended as follows.

First, a sentence on page 524 currently reads: "The Secretary delegated primary responsibility over drug regulation to the Commissioner of the FDA ('Commissioner'). *Id.* § 393(d)." The sentence is amended to read as follows: "Congress delegated primary responsibility over drug regulation to the Commissioner of the FDA ('Commissioner'). *Id.* § 393(d) (The Secretary, through the Commissioner, shall be responsible for executing this chapter…)."

Second, a paragraph on page 525 currently reads:

There are two means by which the FDA can switch a prescription-only drug to non-prescription status. First, it can promulgate a regulation changing the drug's status. See 21 U.S.C. § 353(b)(3). This rulemaking process may be initiated by the Commissioner, 21 C.F.R. § 310.200(b), or by any interested person who files a citizen petition. Id. § 10.25(a). Within 180 days of receipt of the petition, the Commissioner must either approve or deny the petition or provide "a tentative response [to the petitioner], indicating why the agency has been unable to reach a decision on the petition." Id. § 10.30(e)(2)(iii). Alternatively, a drug sponsor may request an over-the-counter switch. Id. § 310.200(b). Unlike the first mechanism, this process does not require rulemaking. See 21 U.S.C. §§ 355(c), (d); 21 C.F.R.

1

§ 314.71. Nevertheless, only the drug sponsor can supplement its initial new drug application. 21 C.F.R. § 314.71(a). All of the rules and procedures applicable to new drug applications, discussed above, apply to supplemental new drug applications (SNDAs). Id. § 314.71(c).

It is amended to read as follows:

There are various means by which the FDA can switch a prescription-only drug to non-prescription status. *See* 21 U.S.C. § 353(b)(3).  Such a switch can be initiated by the Commissioner, 21 C.F.R. § 310.200(b), by any interested person who files a citizen petition, *id.* § 10.25(a), or by the request of a drug sponsor, *id.* § 310.200(b).  Within 180 days of receipt of a citizen petition, the Commissioner must either approve or deny the petition or provide "a tentative response [to the petitioner], indicating why the agency has been unable to reach a decision on the petition." *Id.* § 10.30(e)(2)(iii).  If a drug sponsor seeks a switch in prescription status, it must file a supplemental new drug application (SNDA).  All of the rules and procedures applicable to new drug applications, discussed above, apply to SNDAs.  *Id.* § 314.71(c).

**SO ORDERED:**

Brooklyn, New York
March 6, 2013

*Edward R. Korman*

Edward R. Korman
Senior United States District Judge

2